Filed 10/21/22 P. v. Hall CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C095477 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFER20210003576) |
| v. | |
| ALICE MARIE HALL, | |
| Defendant and Appellant. | |

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant Alice Marie Hall appeals the imposition of assessments and fines without an ability to pay hearing. Recognizing her trial counsel did not object to these assessments and fines, defendant further contends she received ineffective assistance of counsel.

The principles of due process do not require a determination of a defendant's present ability to pay before the imposition of the fines and assessments at issue in *Dueñas* and in this proceeding. Thus, we reject her argument and, with that, we necessarily reject her ineffective assistance of counsel claim. We strike the unpaid balance of the 10 percent collection "[s]urcharge" fee no longer enforceable and otherwise affirm the judgment.

1

## Facts and History of the Proceedings

On October 16, 2020, defendant stole a vehicle valued more than $950. Defendant was charged with grand theft (Pen. Code, § 487, subd. (a); statutory section citations that follow are found in the Penal Code unless otherwise stated), uttering a fictitious check (§ 476), unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), and receiving stolen property (§ 496d, subd. (a)).

On October 4, 2021, defendant pleaded no contest to unlawfully taking a vehicle. The remaining counts were dismissed. That same day, the trial court suspended imposition of sentence and placed defendant on two years of informal probation with 120 days in jail. The trial court also stated, "the fine is $400," in addition to "a $300 probation revocation fine, which is stayed." The minute order for the hearing showed the $400 fine was comprised of a $300 restitution fine (§ 1202.40), a $40 security fee (§ 1465.8), a $30 convictions assessment (Gov. Code, § 70373), and a $30 "[s]urcharge" (§ 1202.4, subd. (*l*)). The trial court asked defendant whether she could pay the $400 fine within two months or if she needed payments. Defendant responded, "I can pay that as soon as I get out." Defendant timely appealed.

Defendant's appellate counsel filed a request with the trial court to stay the fines and fees, which the trial court denied on June 14, 2022.

## Discussion

### I

### *Challenged Fines and Fees*

Defendant contends the trial court's imposition of assessments and fines without first determining her ability to pay violated her constitutional rights and the assessments and fines must be stayed pending an ability to pay hearing. To the extent defendant forfeited her challenge to the fees and fines by failing to raise the issue in the trial court,

2

defendant argues her trial counsel's failure to object constituted ineffective assistance of counsel.

Defendant's claim hinges on the *Dueñas* analysis finding due process principles mandate an ability to pay hearing before imposing fines and assessments. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) As defendant notes, the Courts of Appeal are split as to whether *Dueñas* was correctly decided. Our Supreme Court must resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, 95-96, review granted November 13, 2019, S257844, which concluded due process requires the trial court to conduct an ability to pay hearing before imposing assessments but not restitution fines.

In the meantime, we join the court in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946, and several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

We therefore need not decide whether defendant forfeited her ability to pay argument because this argument is without merit. Failure to assert a meritless position does not demonstrate ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377.)

II

*Restitution Surcharge*

Though not addressed by defendant, the $30 "[s]urcharge" fee imposed under section 1202.4, subdivision (*l*), is no longer enforceable. While this appeal was pending, the Legislature reduced or eliminated many criminal fees. Relevant here, Assembly Bill

No. 177 (2021-2022 Reg. Sess.), operative January 1, 2022, repealed section 1202.4 and reenacted it without subdivision (*l*), which had permitted counties to "impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid." (Stats. 2021, ch. 257, § 20; former § 1202.4, subd. (*l*).) Under this legislation, the balance of court-imposed costs pursuant to section 1202.4 "shall be unenforceable and uncollectible" on or after January 1, 2022. (Stats. 2021, ch. 257, § 35; § 1465.9, subd. (b).) Hence, the balance of this fee must be vacated.

## DISPOSITION

We strike the unpaid balance of the 10 percent collection fee, as of January 1, 2022, which had been imposed under former section 1202.4, subdivision (*l*). The superior court is directed to amend the minute order/probation order to reflect this modification. The judgment is otherwise affirmed.

HULL, Acting P. J.

We concur:

DUARTE, J.

KRAUSE, J.

4